## THOMAS NILES *versus* LINCOLN DRAKE *et al.*

If before the purchase of a writ of *scire facias* against bail, one of the bail dies, the survivor and the executor or administrator of the deceased cannot be properly joined in such writ ; for there can be no joint judgment against them, the survivor being liable *de bonis propriis,* and the executor or administrator *de bonis testatoris.*

But if, in such case, they are joined, the plaintiff may amend by striking out the name of the survivor.

SCIRE FACIAS. The writ set forth, that a judgment was recovered in this Court, against Charles Starbuck and others ; that a writ of execution issued thereon was returned *non est inventus,* and otherwise in part unsatisfied ; that Starbuck did not abide the judgment : and that Ethan Earle, now living, and Shepherd Leach, then living but since deceased, were bail for Starbuck. Wherefore the writ commanded, that Earle, and that Lincoln Drake and others, who were the executors of Leach, the other bail, should be notified to appear and show cause why execution should not be had against Earle and against the goods and estate of Leach in the hands of his executors.

The plaintiff moved that execution should issue against the goods and estate of Leach. The executors of Leach resisted the motion on the ground of misjoinder of them, in their capacity of executors, with Earle, and therefore prayed that the plaintiff should be nonsuited. The plaintiff thereupon, not admitting that there was any misjoinder, moved nevertheless to amend his writ by striking out the name of Earle. The executors denied that such amendment could lawfully be allowed.

If the Court should be of opinion, either that there was no misjoinder in the writ, or that leave might be granted to amend by striking out the name of Earle, the plaintiff was to have execution accordingly ; otherwise he was to become nonsuit.

*March* 10*th.* F. *Dexter* and *Gardiner,* for the plaintiff, to the point, that a writ of *scire facias* was a *judicial* writ and not a new action, cited 6 Dane's Abr. 462, 463 ; *Underhill* v. *Devereux,* 2 Wms's Saund. 71 a, note ; *Champion* v. *Noyes,* 2 Mass. R. 481 ; *Sparhawk* v. *Bartlett,* 2 Mass. R. 188 ; *Woodcock* v

*Walker*, 14 Mass. R. 387 ; *Dearborn v. Dearborn*, 15 Mass. R. 316 ; *Phillipson v. Mangles*, 11 East, 516 ; Com. Dig. *Bail, R,* 11 ; to the point, that the defendants might be joined in the writ, although standing in different rights, and although the executions should be several, 2 Tidd's Pr. 1008, 1032, 1033 ; 2 Bac. Abr. *Execution, G* 1 ; 5 Dane's Abr. 292 ; 2 Bac. Abr. *Error, F. ; Glover v. Heath*, 3 Mass. R. 252 ; 5 Com. Dig. *Pleader*, 3 *L* 3, 3 *L* 6 ; *Trethwy v. Ackland*, 2 Wms's Saund. 51, note ; *Anonymous*, 12 Mod. 254 ; *Woodcock v. Bennet*, 1 Cowen, 738 ; and to the point, that if there was a misjoinder, the plaintiff might amend by striking out the name of Earle, 6 Dane's Abr. 470 ; *Colcord v. Swan*, 7 Mass. R. 291 ; *Parsons v. Plaisted*, 13 Mass. R. 189 ; *Minor v. Mechanics Bank*, 1 Peters's Sup. Court. R. 80 ; *Penny v. Van Cleef*, 1 Hall, (N. Y.) 165 ; *Haynes v. Morgan*, 3 Mass. R. 208.

*Sewall* and *Bartlett*, for the defendants, to the point of misjoinder, cited Gould on Pl. 207 ; *St.* 1784, c. 10 ; *St.* 1799, c. 57 ; *Panton v. Hall*, 2 Salk. 598 ; *Bean v. Parker*, 17 Mass. R. 591 ; and to the point, that the writ could not be amended, *Tuttle v. Cooper*, 10 Pick. 281 ; *St.* 1834, c. 189 , *Redington v. Farrar*, 5 Greenl. 379.

PUTNAM J. delivered the opinion of the Court. A *scire* <span>*March 14th.*</span> *facias* against bail is a new action, and not a continuation of the original action of the plaintiff against the principal. 6 Dane's Abr. 463, and cases cited. " It is a distinct action, but is always a judicial writ." A release of all actions may be pleaded by the defendant in bar to *scire facias.* Lit. § 505, Co. Litt. 290 b. The bail bond here is not a part of the record, as the recognisance entered into by the bail is considered in England. The remedy for the plaintiff, is by *scire facias* under the *St.* 1784, c. 10 ; and an action of debt will not lie upon the bail bond. *Crane v. Keating*, 13 Pick. 339 The statute remedy is much more favorable to the bail. than an action of debt at the common law, and is a substitute for the latter, and not a cumulative remedy.

The bail are liable jointly and severally. But if one of them should die before the purchase of the writ of *scire facias*, the action should be commenced against the survivor, or against

the executor or administrator of the deceased, and not jointly against the survivor and the executor or administrator of the deceased. For if they were joined there could be no joint judgment against them, for the survivor would be liable *de bonis propriis*, and the other, *de bonis testatoris.* We all think that there is therefore a misjoinder.

The remaining question is, whether the plaintiff may be permitted to strike out the name of Earle, and proceed against the executors of Leach. We have already said that the plaintiff might have sued the survivor, or the executors of the deceased, the undertaking of the bail being *several* as well as *joint.* In *Rehoboth* v. *Hunt*, 1 Pick. 228, where two towns sued as tenants in common, this Court thought they would authorize the name of one town to be struck out, and permit the other to go on alone, if it should appear that the action could be maintained by one town alone. In *Colcord* v. *Swan*, 7 Pick. 291, it was held, that in an action against husband and wife the plaintiff might strike out the name of the wife, and proceed against the husband alone. *S. P.* held in *Parsons* v. *Plaisted*, 13 Mass. R. 189. And in the trial of the case of *Brewster* v. *Hobart*, 15 Pick. 302, the Chief Justice permitted the plaintiff to amend, by striking out one of the defendants ; which was approved by the judges upon his statement of the case to them.

In *Noke* v. *Ingham*, 1 Wils. 89, it was held that in assumpsit against two persons who sever in pleading, a *nolle prosequi* might be entered as to one, and that it would not discharge the other who pleaded bankruptcy. The court thought " it was exactly the same as where an action is joint and several." But even in joint actions, where the defendants sever in their pleas, and one (for example) pleads bankruptcy, which would be a personal discharge, the action may go on against the other, who would be liable by *St.* 10 *Anne, c.* 5, to pay the *whole debt.* Such was the case cited from 1 Wilson, 89.

But if the contract were upon its face apparently joint, and one of the defendants should plead infancy and avoid it, this Court has held that the plaintiff might be permitted to enter a *nolle prosequi* against the infant and proceed against the party of full age. *Woodward* v. *Newhall*, 1 Pick. 500.

That action was rightly commenced. The infant might waive his privilege, or plead it. If he pleaded his infancy, the contract became the sole undertaking of the other defendant. And in such a case in 1819, *Tappan* v. *Abbot*, cited in 1 Pick. 500, this Court held that the plaintiff might enter a *nolle prosequi* against the infant, and proceed against the other defendant. And see Vin. Abr. *Actions*, (*D. d.*) *pl.* 8.

It is the opinion of the whole Court, that the plaintiff may discontinue his action against Earle, upon paying him costs, and that the plaintiff may proceed against the defendants, who are the executors of Leach, as upon the several obligation of Leach, and may amend his writ and declaration accordingly.